UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jonathan Peterkin,<br><br>        Plaintiff,<br><br>      -v-<br><br>Suffolk County Correctional Department (Officers) (Yaphank); Suffolk County Medical Staff (Yaphank),<br><br>        Defendants. | 2:25-cv-2382<br>(NJC) (ARL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

  Before the Court is an Amended Complaint timely filed by Jonathan Peterkin, acting pro se and while incarcerated at the Suffolk County Correctional Facility's Riverhead location, against the Suffolk County Correctional Dept. (Officers) (Yaphank) and Suffolk County Medical Staff (Yaphank) (together, "Defendants"). (Am. Compl., ECF No. 13 at 3.) This Court previously granted Peterkin's motion to proceed in forma pauperis ("IFP"). (*See* IFP Mot., ECF No. 6; Mem. & Order, ECF No. 9.)[1] The Court has screened the Amended Complaint in accordance with the requirements of 28 U.S.C. §§ 1915, 1915A, and dismisses the Section 1983 deliberate indifference claims alleged in the Amended Complaint (ECF No. 13) without prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i)-(ii) for the reasons explained below.

---

[1] Despite having been already granted IFP status, Peterkin filed another IFP motion with his Amended Complaint. (Second IFP Mot., ECF No. 14.) That motion is denied as it is moot.

## BACKGROUND

On April 28, 2025, Peterkin filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Defendants claiming that, after Peterkin was involved in a fight while detained at the Jail, an unspecified number of unnamed officers used excessive force against him and that he received insufficient medical treatment. (Compl., ECF No. 1.) Peterkin's Complaint was submitted on the Court's form for civil rights violations and included a copy of a grievance he had submitted concerning the challenged events. (*Id*. at 7.) By Memorandum and Order dated August 28, 2025 (the "Mem. & Order"), the Court granted Peterkin's IFP Motion and dismissed the Complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1), for failure to allege a plausible claim for relief. (Mem. & Order, ECF No. 9.)

Insofar as the Complaint had challenged the constitutionality of the unidentified corrections officers' alleged use of excessive force in tasing and pepper spraying Peterkin and the adequacy of the medical treatment that followed, the Court explained: "[T]he Section 1983 claims fail because the Complaint has not sufficiently pled a cause of action against any individual defendant, and, even if it had, the Complaint does not allege a plausible excessive force or deliberate indifference claim." (*Id*. at 7.) Insofar as Peterkin named Yaphank "Corrections Officers" and "Medical Staff" as the defendants, the Court explained that the allegations did not comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") because the Complaint "omitted important facts such as the location within the Jail, the time of day, a description of each of the intended individual defendants, and how many of the generally named "corrections officers" or "medical staff" were involved." (*Id*. at 6–8.) Nor did the Complaint allege whether Peterkin was detained in jail pretrial or post-conviction during the alleged events, which the Court explained was "critical to determining the plausibility of his excessive force claims." (*Id*. at 9.) And, Peterkin's deliberate

2

indifference claim, as pled, failed to satisfy the second, subjective prong under either the Eighth Amendment or the Fourteenth Amendment because the Complaint did "not allege any facts suggesting intentional or reckless conduct that a defendant knew or should have known would pose an excessive risk to his health or safety." (*Id*. at 12.) The Court made clear that, "[w]ithout additional allegations as to Defendants' knowledge about Peterkin's injured shoulder, Peterkin's belief that he required diagnostic imaging ... s insufficient." (*Id.*) In granting Peterkin leave to amend the Complaint, the Court instructed that:

> Peterkin must include in any amended complaint the individuals who were allegedly involved in the deprivation of his federal rights as defendant(s) in the caption and in the statement of claim. If Peterkin does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. Further, Peterkin is reminded to review the Court's guidance set forth above concerning the requirements to allege facts supporting plausible excessive force and deliberate indifference claims, including whether Peterkin was detained in the Jail pre-trial or post-conviction when the alleged incident occurred.

(*Id*. at 14.) Further, the Court made clear that "that the amended complaint will completely replace, not supplement, the prior complaint, so any facts or claims that Peterkin wants to include from the prior complaint must be repeated in the amended complaint." (*Id*.)

## I.      The Amended Complaint

The Court granted Peterkin an extension of time to file an Amended Complaint from September 27, 2025 through November 24, 2025. (*See* Elec. Order, dated Oct. 30, 2025.) Peterkin timely filed an Amended Complaint on November 17, 2025. (*See* Am. Compl. ECF No. 13.)

The Amended Complaint is brief and is comprised of a two-page, handwritten document that does not include a caption or any other form for identifying the intended defendants.[2] (*Id*. at 2.) Annexed to the Amended Complaint is a copy of a Notice of Claim with a caption that names the same defendants as the original Complaint and a copy of an Inmate Grievance Form. (*Id*. at 3–4, 5.) In its entirety, the Amended Complaint alleges the following:

> I was involved in a fight and when the correctional officers came it was about 2 to 3 John Doe correction officers along with 3 to 5 John Doe ESO officers, to break it up. I stopped right away and complied. The officers tased me more than once, the tear gas sprayed me more than once. I was taken to the medical unit and a nurse Jane Doe was present. Due to being tased and sprayed I had difficulty breathing and my vision was distorted for at least a half hour. I informed them that I need serious medical attention like an outside doctor. The officers told me to "shut the f**k up before they "f**k me up". I'm a 51 year old man involved in a fight with someone half my age. He started the fight swinging at me and I was forced to defend myself. My shoulder has been in severe pain ever since. Two weeks or more passed before I was called to medical for a sonogram x-ray which didn't show anything. I had to keep dropping slips to the medical unit because I was moved to Riverhead Correctional Facility. I was told that no bones were broken. But told the Doctor in Riverhead that I need "MRI" because something must be torn or ripped in my shoulder and the doctors response was "its a process here".   I had my fight 3/18/25 and was placed in the box (solitary confinement) on 3/28/25 and I stayed in the box for 20 days in pain with no medical attention whatsoever. I was told "take aspirin" to see if my shoulder got better but to no avail. Its been 8 months since the fight without proper attention. I wake up in cold sweats having reoccurring nightmares of being tased and pepper sprayed thinking that the correctional officers are going to kill me because they threatened me repeatedly. As to date I still havent received proper medical treatment. Filed grievance stated that it had no merit. Enclosed is a copy of grievance. Im not sentenced at this time. I'm a pretrial detainee.

---

[2]  The first page of this submission appears to be a cover page with a single paragraph:

> Amended Complaint
> Civil Docket For Case #: 2:25-cv-02382-NJC-ARL
> Peterkin v. Suffolk County Correctional Dept. et al
> Assigned to: Judge Nusrat J. Choudhury
> Referred to: Magistrate Judge Arlene R. Lindsay
> Demand: $3,000,000.00
> Cause: 42:1983 Prisoner Civil Rights

(ECF No. 13 at 1.)

(ECF No. 13 at 2.)³ Although the Amended Complaint does not include a demand for relief, the Notice of Claim annexed thereto seeks to recover a money judgment in the sum of $1 million. (*Id.* at 4.)

## LEGAL STANDARDS

### I. Sufficiency of the Pleadings

Where an incarcerated plaintiff is proceeding IFP, 28 U.S.C. § 1915A instructs that "[t]he court shall review . . . as soon as practicable after docketing, a complaint [or amended complaint] in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). It further instructs that the court:

> shall identify cognizable claims or dismiss the complaint, or any portion of the complaint [or amended complaint], if the complaint [or amended complaint]—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

---

³ Excerpts from the Amended Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

Nevertheless, a complaint or amended complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 2682 (2024). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations of a complaint or amended complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Though Peterkin's Amended Complaint omits a caption, the Notice of Claim annexed thereto and the Second IFP Application filed along with the Amended Complaint both include captions that name the same defendants as the original Complaint. (*See* ECF Nos. 13 at 1, 3.) Apart from Peterkin's allegation that he is pretrial detainee (ECF No. 13 at 2), the Amended Complaint does not sufficiently address the other deficiencies noted in the Mem. & Order for the reasons that follow.

I. **Federal Claims Brought Pursuant to Section 1983**

The Amended Complaint, like the original Complaint, brings claims pursuant to Section 1983 (*Id.* at 1.) Given the Amended Complaint's allegation that Peterkin was a pretrial detainee

during the events at issue, his excessive force and deliberate indifference claims arise under the Fourteenth Amendment's Due Process Clause. *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 251–52 (2d Cir. 2020) (pretrial detainees are protected "from the use of excessive force that amounts to punishment" by the Due Process Clause of the Fourteenth Amendment); *Swinton v. Livingston Cnty*, 2023 WL 2317838, at *2 (2d Cir. March 2, 2023) (summary order) (analyzing a pretrial detainee's denial of medical treatment claim under the Fourteenth Amendment standard).

However, the Amended Complaint, like the original Complaint, brings these claims against "Suffolk County Correctional Dept. (Officers) (Yaphank)" and "Suffolk County Medical Staff (Yaphank)" (Am. Compl. at 3), and has largely ignored the Court's instruction to "allege specific facts that would help identify the defendants and thereby allow defendants to prepare a defense." (Mem. & Order, at 7 (citing *Regeda v. City of New York*, 2012 WL 7157703, at *8 (E.D.N.Y. Sept. 7, 2012) (noting that an amended complaint must either "identify each [defendant] by name, or else identify them as the 'John Doe defendants' and provide sufficient factual basis to allow the defendants to successfully identify the John Doe defendants and prepare for a defense"), *report and recommendation adopted*, 2013 WL 619567 (S.D.N.Y. Feb. 19, 2013) (add'l citation omitted)). Although the Amended Complaint alleges the date of the incident—March 18, 2025—like the original Complaint, it "omit[s] important facts such as the location within the Jail, the time of day" and "a description of each of the intended individual defendants." (Mem. & Order at 8; *see also* Am. Compl., *in toto*.)[4]

Nonetheless, in an abundance of caution and in light of Peterkin's pro se status, consistent with *Valentin v. Dinkins*, 121 F.3d 72, 75–76 (2d Cir. 1997) (*per curiam*), the Court directs the

---

[4] Indeed, the only additional factual information concerning the intended defendants alleged in the Amended Complaint is that "it was about 2 to 3 John Doe correction officers along with 3 to 5 John Doe ESO officers." (Am Compl. at 1.)

Suffolk County Attorney to ascertain the full names and service addresses of the individuals involved in the events alleged in the Amended Complaint. (*See* Am. Compl.) Accordingly, the Clerk of the Court shall serve a copy of the Amended Complaint together with this order on the Suffolk County Attorney. The Suffolk County Attorney's Office shall make best efforts to ascertain the full names of the unidentified defendants and to provide their names and the address(es) where such defendants can be served to the Court and to Peterkin within thirty (30) days of the date that this Order is served upon it.

The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which the Peterkin may name and properly serve these defendants as instructed by the Second Circuit in *Valentin*. Once the information is provided to the Court by the Suffolk County Attorney's Office, Peterkin's Amended Complaint shall be deemed amended to reflect the full names of these defendants, a summons shall be issued to each defendant, and the USMS shall effect service.

### A. Excessive Force Claims

The Court previously found that the original Complaint's allegation that Peterkin "was tased and pepper sprayed even though he 'stopped right away and complied' when corrections officers came to break up the fight, suggests that such claims would survive screening, pursuant to 28 U.S.C. § 1915A, had [the Complaint] asserted them against a proper defendant." (Mem. & Order at 9 (citing Compl. § IV; Am. Compl. at 2)). Accordingly, in an abundance of caution, the Court declines to *sua sponte* dismiss Peterkin's excessive force claims at this time.

### B. Deliberate Indifference Claims

Although the Court afforded Peterkin an opportunity to properly allege his deliberate indifference claims by including "additional allegations as to Defendants' knowledge about Peterkin's injured shoulder," (Mem. & Order, at 12), the Amended Complaint does not provide

8

such additional factual allegations. (*See* Am. Compl.) Thus, as the Court already found with respect to the original Complaint, "Peterkin's belief that he required diagnostic imaging in the form of an MRI by an outside provider or a different form of X-ray (Compl. § IV.A) is insufficient" to state a Fourteenth Amendment deliberate indifference claim concerning Peterkin's medical treatment. (Mem & Order at 12 (citing *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (recognizing that "disagreement over the proper treatment does not create a constitutional claim[,] [s]o long as the treatment given is adequate . . . ."); *Collins v. Figura*, No. 23-109, 2024 WL 1739084, at *1 (2d Cir. Apr. 23, 2024) (summary order) (same) (add'l citation omitted)). Thus, Peterkin's deliberate indifference claims are not plausible and are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i)–(ii).[5]

## II. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. Cty. of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks and citation omitted). This Court already granted Peterkin leave to file the Amended Complaint in order to allege plausible claims, his Amended Complaint does not address the deficiencies identified in this Court's Order dismissing the original Complaint. Accordingly, leave to further amend the complaint is denied.

## CONCLUSION

For the reasons stated above, the Court dismisses Peterkin's Second IFP motion (ECF No. 14) as moot and dismisses the Section 1983 deliberate indifference claims alleged in the Amended Complaint (ECF No. 13) without prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1),

---

[5] Dismissal of these claims without prejudice is appropriate in light of Peterkin's pro se status.

1915(e)(2)(B)(i)-(ii). Peterkin's Section 1983 excessive force claims shall proceed and the Clerk of the Court shall serve a copy of the Amended Complaint together with this Order on the Suffolk County Attorney. **The Suffolk County Attorney's Office shall make best efforts to ascertain the full names of the unidentified defendants and to provide their names and the address(es) where such defendants can be served to the Court and to Peterkin within thirty (30) days of the date that this Order is served upon it**. Once the Suffolk County Attorney's Office provides this information to the Court, Peterkin's Amended Complaint shall be deemed amended to reflect the full names of these defendants, a summons shall be issued to each defendant, and the USMS shall effect service on the defendant(s).

The Clerk of Court shall also serve a copy of this Order on Peterkin at his address of record in an envelope marked "Legal Mail" and shall note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
      January 6, 2026

                                                     */s/ Nusrat J. Choudhury*
                                                NUSRAT J. CHOUDHURY
                                                United States District Judge